HARRIS, Judge.
In this paternity action, Mr. Sheck admitted that he was the father and conceded that Ms. Westlund should have residential custody of the child, subject to appropriate visitation. Based on those admissions, the court found Sheck to be the father and ordered that he pay $800 per month as child support. Subsequently, the parties orally agreed that Westlund would cease working and stay at home to “raise the child.” In return, Sheck agreed to increase the child support to $2,500 per month. He paid this amount for a few months but then stopped. Westlund sought an order requiring Sheck to continue making the increased payments. Sheck defended on the ground that Westlund had breached the oral agreement by continuing to place the child in day-care rather than caring for the child at home.
The court found that the oral agreement was enforceable and ordered that the increased payments be continued. The court did not rule on the issue of Westlund’s breach based on her continued use of daycare. Because the record does not reflect to what extent Westlund is using day-care, we affirm the court’s ruling that the oral agreement is enforceable. This affirmance is based on the current record, which supports a finding that the mother’s present use of day-care is minimal and that she is indeed raising the child at home. If the father can show by competent evidence that the mother uses day-care substantially as she did before the oral agreement, then he may wish to file for modification based on a change of circumstances from those upon which the court relied in upholding the oral modification of the court’s original order.
AFFIRMED.
PETERSON, C.J., and THOMPSON, J., concur.